THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARL LEAVERTON,<br><br>          Plaintiff,<br><br>    v.<br><br>RBC CAPITAL MARKETS<br>CORPORATION, a Minnesota<br>corporation; ROYAL BANK OF<br>CANADA, a Canadian corporation;<br>ROYAL BANK OF CANADA US<br>WEALTH ACCUMULATION PLAN, an<br>employee benefit plan; and JOHN DOES<br>1-15, individuals,<br><br>          Defendants. | No. CV9-1804 RSL<br><br>DEFENDANTS' MOTION TO DISMISS<br>FOR FAILURE TO STATE A CLAIM<br><br>NOTE ON MOTION CALENDAR:<br>Friday, April 2, 2010 |

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 1
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     RELEVANT FACTS............................................................................................1

III.    ARGUMENT .......................................................................................................3

      A.      Standards ...................................................................................................3

      B.      Plaintiff's Third Claim for Relief Should Be Dismissed ........................4

            1.      A Plaintiff Must Exhaust Administrative Remedies Prior to
                Bringing an ERISA Benefits Claim..............................................5

            2.      The WAP Requires Exhaustion of Administrative Remedies....................6

            3.      Plaintiff Has Not Exhausted His Administrative Remedies......................8

      C.      Plaintiff's Sixth Claim for Relief Should Be Dismissed......................10

      D.      Plaintiff's Claims Against Improper Defendants Should Be Dismissed .............14

IV.     CONCLUSION ..................................................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## I.      INTRODUCTION

On April 13, 2009, plaintiff Karl Leaverton ("plaintiff"), a former Co-President of RBC Wealth Management, a division of defendant RBC Capital Markets Corporation, was laid off, along with all other executives at his management level, as part of a series of corporate downsizes.  In response, plaintiff filed this lawsuit, asserting age discrimination claims premised on his termination and Employee Retirement Income Security Act-based ("ERISA") claims premised on the US Wealth Accumulation Plan ("the WAP"), a benefits program maintained by RBC Capital Markets.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants bring this narrow motion seeking an order dismissing selected claims that are not properly before the Court.  First, at least two of plaintiff's claims (the Third and Sixth Claims for Relief) fail to state a claim upon which relief can be granted and should be dismissed at the threshold.  Second, several of the claims are improperly asserted against individual defendants who are not subject to liability as a matter of law.  Accordingly, defendants respectfully submit, these claims should be dismissed.

## II.      RELEVANT FACTS

Plaintiff formerly served as the Co-President of RBC Wealth Management, a division of defendant RBC Capital Markets.  Compl. ¶ 6.  With the severely contracting economy in 2008 and early 2009, RBC was forced to undergo a series of painful downsizing layoffs, the last of which occurred in April 2009, when the company eliminated an entire management level, including plaintiff Leaverton and his Co-President Jim Chapman.  Leaverton's employment ended on April 13, 2009.  Id. ¶ 6.  Eight months later, on December 21, 2009, plaintiff filed this Complaint.

Plaintiff brings his claims against a wide array of parties, including his former employer (RBC Capital Markets), the parent company of his employer (Royal Bank of Canada), the WAP itself, a "John Doe" WAP administrator, and no less than 14 "John Doe" WAP fiduciaries.  All

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 1
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

told, plaintiff brings *nine* claims for relief, generally falling into three categories.  First, plaintiff alleges that his termination constitutes age discrimination under state and federal law (First and Second Claims).  Second, plaintiff brings a variety of claims under ERISA (29 U.S.C. § 1001 *et. seq.*) premised on the WAP (Third-Seventh Claims).  Third, plaintiff alleges breach of contract and related statutory claims pursuant to a separate benefits plan (Eighth and Ninth Claims).

This motion addresses three of plaintiff's ERISA claims, each of which suffers fatal defects.  First, Plaintiff's claim for benefits under ERISA Section 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) fails because plaintiff did not exhaust his administrative remedies under the WAP, a prerequisite to maintaining an ERISA benefits claim in federal court (his Third Claim for Relief).  The scope of plaintiff's claim for ERISA benefits—and this motion—is narrow. Plaintiff's WAP Account consists of three types of benefits; (1) Voluntary Deferred Compensation; (2) Mandatory Deferred Compensation; and (3) Company Contributions. Declaration of Gabriela Sikich ("Sikich Decl.") ¶ 2 & Ex. A (WAP §§ 2.2-2.3, 2.6).[1]  Plaintiff is receiving *both* his mandatory and his voluntary contributions.  *Id.* ¶ 6 & Ex. D.  He is, moreover, receiving those payments pursuant to a ten-year payment schedule he elected.  Id.  As to these portions of his WAP account, there is no dispute and no claim before this Court.

The sole portion of plaintiff's WAP claim that *is* in dispute is the company contributions to his WAP account.  Those contributions are designed to vest over time (as an employee

---

[1] Plaintiff, in his Complaint, cites to the provisions of the WAP.  See, e.g., Compl. ¶¶ 27-29.  He does not, however, attach the plan to his Complaint or documentation supporting his assertion that he has exhausted his administrative remedies.  Nonetheless, the Court may consider the WAP and the other documents referenced in the Complaint, and attached to the Sikich Declaration, without converting this motion into one for summary judgment. Under the "incorporation by reference" doctrine, "a court may look to materials beyond the pleadings if the contents are alleged in a complaint and neither party questions the materials' authenticity."  Scharff v. Raytheon Co. Short Term Disability Plan, 2007 WL 2947566, at *3 (C.D. Cal. 2007), aff'd by 581 F.3d 899 (2009) (citing Knieval v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)).  The Ninth Circuit has extended this doctrine to situations where the "plaintiff does not explicitly allege the contents of th[e] document in the complaint, but the defendant attaches the document to its motion to dismiss, the plaintiff's claim depends on its contents, and the parties do not dispute its authenticity."  Id. (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).  The justification for this rule is to preclude a plaintiff "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  Scharff, 2007 WL 2947566, at *3.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

retention device) and unvested company contributions are typically forfeited upon an employee's departure.  See id. Ex. A (WAP § 4.6).  In narrow circumstances, however, a departing employee may be entitled to *accelerated vesting* of those company contributions.  Id. Ex. A (WAP § 4.2, 4.5).  Whether plaintiff qualifies for that *accelerated vesting* under the WAP is the subject of an ongoing (and mandatory) administrative review process.  Under settled ERISA principles, the Court should dismiss the Third Claim without prejudice so that the administrative review process can be completed.  Once that process is complete, if plaintiff feels the WAP Committee has abused its discretion, he can seek to introduce that claim in this lawsuit.  Until then, however, the claim must be dismissed.

Second, plaintiff's claim that defendants' alleged refusal "to pay Leaverton the full value of his WAP Account" constituted "impermissible discrimination" under ERISA Section 510 (29 U.S.C. § 1140) fails because plaintiff has utterly failed to set forth facts sufficient to support a Section 510 claim (his Sixth Claim for Relief).  Indeed, the claim is little more than a simple reiteration of his ERISA Section 502(a)(1)(B) *benefits* claim and could be dismissed for that reason alone.  Third, plaintiff's request for a declaration that he is entitled to additional benefits under the WAP, also brought under ERISA Section 502(a)(1)(B), fails with respect to all defendants other than the WAP and the plan administrator because such claims can *only* be maintained against an ERISA plan itself or the plan administrator (his Fourth Claim for Relief).  Plaintiff's scattershot effort to name a variety of other defendants is improper and those defendants should be promptly dismissed from this litigation on those claims.

### III.   ARGUMENT

### A.   Standards

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level[.]"  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  The allegations must plausibly suggest, and not merely be consistent with, the claimed wrongful conduct.  Id. at 1966.  Thus, although the factual

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 3
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

allegations of the complaint are assumed to be true, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"  Id. at 1965; accord Manufactured Home Comm., Inc. v. City of San Jose, 420 F.3d 1022, 1035 (9th Cir. 2005) (courts do not accept as true allegations that are conclusory, speculative or that draw unreasonable or unwarranted factual inferences).  Nor do courts accept as true factual allegations that are contradicted by documents referenced in the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001).

In accord with these standards, dismissal under Rule 12(b)(6) is proper when the plaintiff either lacks a "cognizable legal theory" or has failed to present "sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); accord Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Here, even accepting plaintiff's allegations as true for purposes of this motion, and drawing all reasonable inferences in favor of plaintiff, plaintiff's Third and Sixth Claims for Relief fail to state a claim on which relief can be granted.  In addition, plaintiff's Fourth Claim for Relief must be dismissed against improperly pled defendants.

**B.      Plaintiff's Third Claim for Relief Should Be Dismissed**

Plaintiff's Third Claim, brought pursuant to ERISA Section 502(a)(1)(B), alleges that he is entitled to benefits under the WAP that he has not yet received.[2]  Plaintiff has, however, failed to exhaust his administrative remedies under the WAP.  As courts around the country have uniformly held, a plaintiff cannot pursue an ERISA benefits claim in federal court without first exhausting the administrative procedures set out in the ERISA plan.  Plaintiff's Third Claim, accordingly, should be dismissed.

---

[2] As noted above, the sole WAP claim in dispute is plaintiff's claim for accelerated vesting of otherwise unvested company contributions.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 4
66024-0006/LEGAL17792889.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1.      **A Plaintiff Must Exhaust Administrative Remedies Prior to Bringing an ERISA Benefits Claim**

Pursuant to ERISA § 502(a)(1)(B), a person may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Where an ERISA plan contains an internal claim resolution procedure, it is well-established that a plaintiff must exhaust the administrative remedies set forth in the plan.  An ERISA plaintiff claiming a denial of benefits "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court."  Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995)).[3]  The governing regulations give wide latitude to ERISA plans to establish parameters governing the initiation of a claim for ERISA benefits.  Thus, a "claim for benefits" means "a request for a plan benefit or benefits made by a claimant in *accordance with a plan's reasonable procedure for filing benefit claims*."  29 C.F.R. § 2560.503-1(e) (emphasis added).

Where a plaintiff fails to exhaust administrative remedies prior to filing suit, a Rule 12(b)(6) motion dismissing the claim is properly granted.  See, e.g., Metro. Life Ins. Co. v. Cline, 2007 WL 1549603, at *3 (E.D. Wash. May 24, 2007) (granting motion to dismiss where plaintiff failed to exhaust administrative remedies); Landrith v. Madison Nat. Life Ins. Co., Inc., 2009 WL 2515622, at *3 (D. Ariz. Aug. 14, 2009) (same); Harrison v. California Care, 1994 WL 69469, at *4 (N.D. Cal. Feb. 14, 1994) (same).

The Ninth Circuit has described the "sound policy" behind the exhaustion requirement:

[T]he institution of . . . administrative claim-resolution procedures was . . . intended by Congress to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned. It would certainly be anomalous if the same good reasons that presumably led Congress and the Secretary to require covered plans to provide administrative remedies for aggrieved claimants did not lead the courts to see that those remedies are regularly used. Moreover, the trustees of covered benefit plans are granted broad fiduciary rights and responsibilities under ERISA . . . , and implementation of the exhaustion

---

[3] The Ninth Circuit has consistently and regularly required exhaustion of administrative remedies in ERISA cases for thirty years.  See Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980).

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (NO. CV9-1804 RSL) – 5
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

requirement . . . enhance[s] their ability to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes.

Amato, 618 F.2d at 567; see also Diaz, 50 F.3d at 1483 (the ERISA exhaustion requirement "serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise").

Thus, federal courts are not the forum of first instance for ERISA benefits claims. Plan administrators are the first to review benefits claims because plan administrators are best placed to resolve the claim. That is why, when ERISA benefits claims are brought before the courts, a plan administrator's decision is reviewed only for *abuse of discretion*. Sznewajs v. U.S. Bancorp Amended and Restated Supplemental Benefits Plan, 572 F.3d 727, 733 (9th Cir. 2009).

The exhaustion requirement is not a mere procedural hurdle for the unwary plaintiff. Instead, it is a fundamentally important part of the regulatory scheme to ensure the prompt and consistent resolution of ERISA claims. Courts have consistently recognized the importance of the exhaustion requirement and, accordingly, have not hesitated to require plaintiffs to pursue benefits claims through plan administrative procedures.

### 2.    The WAP Requires Exhaustion of Administrative Remedies

The WAP is administrated by the "Committee," which means the Head of Human Resources or those company executives designated by the Head of Human Resources to administer the WAP. Sikich Decl. ¶ 2 & Ex. A (WAP § 1.2). The Head of Human Resources has designated five executives to serve as the WAP Committee; Natalie Cadavid, Dan Szabo, Lisa Sorenson, Darryl Traweek, and Mary Zimmer. Id. ¶ 3.

The WAP contains a claim procedure under which plan participants may assert claims for benefits that they allege are due and may appeal the denial of benefits claims. Under the WAP, "[a]ll decisions on claims and on reviews of denied claims will be made by the Committee." Id.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 6
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Ex. A (WAP § 7.5).  A claimant may (but is not required to) utilize the services of an attorney or other representative throughout the claims procedure.  Id.

To initiate a claim, a participant must deliver a written claim to the Committee within 90 days after the participant "knows or should have known of his or her claim for benefits." Id. Ex. A (WAP § 7.3).  The WAP then sets out, in detail, the procedures that govern the Committee's review of the claim.  The claimant will receive notice of the Committee's decision within 90 days after the claim is delivered (or receive a notice explaining why the Committee needs up to 90 more days to resolve the claim).  Id.  If a claim is denied, the Committee's notice of denial will specify (1) the reasons for the denial; (2) the plan provisions upon which the denial is based; (3) any additional information needed in connection to the claim and the reason why such information is required; (4) and a description of the plan's review procedures, "including a statement of the Participant's right to bring a civil action under ERISA Section 502(a) following an Adverse Benefit Determination upon appeal." Id.

The claimant may then request review of a denied claim.  Id. Ex. A (WAP § 7.4).  The claimant must make a written request for review to the Committee "within 60 days after claimant's receipt of written or electronic Adverse Benefit Determination." Id.  The request for review may include issues and comments that the claimant wants considered in the review and/or request to review pertinent plan documents.  Id.  The Committee may request that the claimant provide additional facts, documents, or other information it deems necessary or advisable to make its decision.  Id.

The Committee will generally make its appeals decision within 60 days and in no event will an appeals decision be made more than 120 days after the day the request for review is received.  Id.  If the Committee upholds the denial of benefits, in whole or part, it will provide the claimant with the reasons for the denial.  Id.  It also will provide notice that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 7
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

documents, records, and other information relevant to the claim.  Id.  Finally, the Committee will notify the claimant of his or her right to bring an action under ERISA Section 502(a).  Id.

The WAP requires a participant to exhaust the claims procedure before filing a legal action.  Under WAP Section 7.5, "[n]o action at law or in equity may be brought to recover benefits or otherwise enforce the provisions of the Plan unless the Participant or beneficiary has exhausted all remedies under this SECTION 7."  Any action brought after exhaustion of the WAP's administrative remedies must be brought within 90 days after receipt of the final notice of an Adverse Benefit Determination under Section 7.4.  Id.

Thus, the WAP—the current version of which was adopted while plaintiff was serving as Co-President of RBC Wealth Management—contains a claims procedure that participants must exhaust prior to filing a claim for ERISA benefits under the WAP.  The claims procedure is not a mere procedural obstacle, but rather, is a critical tool for quickly and efficiently resolving benefits disputes, with minimal costs to all concerned, in order to conserve retirement funds and require decisions to be made by trustees with broad fiduciary rights and responsibilities who are best placed to expertly and efficiently manage their funds and to prevent "premature judicial intervention in their decisionmaking."  Amato, 618 F.2d at 567; see also Diaz, 50 F.3d at 1483. To facilitate the timely resolution of claims, a participant must properly initiate a claim within 90 days of learning of the basis of the claim, and must then file suit within 90 days of fully exhausting his or her administrative remedies under the WAP.

### 3.    Plaintiff Has Not Exhausted His Administrative Remedies

Here, plaintiff has failed to exhaust his administrative remedies under the WAP. Accordingly, his Third Claim must be dismissed so that he can complete the WAP claims procedure.

The present lawsuit provides a perfect illustration of why exhaustion of administrative remedies is required.  Because plaintiff rushed to file suit before timely initiating and exhausting

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 8
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the WAP's claim procedures, the dispute over plaintiff's WAP benefits is currently—and improperly—proceeding simultaneously before the WAP Committee *and* this Court.

Plaintiff did not even attempt to exhaust his administrative remedies until days before filing this lawsuit.  On December 14, 2009, plaintiff's counsel sent a letter to RBC Capital Markets Senior Associate General Counsel Todd Schnell that appeared to be an effort to initiate the claim procedure under the WAP.  In the letter, plaintiff's counsel stated that plaintiff was "entitled to full vesting" under the WAP, and requested provision of certain information pursuant to WAP § 7.3.  Sikich Decl. ¶ 4 & Ex. B.  This letter, sent to Mr. Schnell eight months after plaintiff's termination, was plaintiff's *first* attempt to initiate a claim under the WAP.  This letter did not properly initiate a claim under the WAP because Mr. Schnell is not a member of the WAP Committee.  Nonetheless, Mr. Schnell, who had been engaged in negotiations with plaintiff's counsel regarding plaintiff's allegations of age discrimination, transmitted this letter to the Committee, which then reviewed and responded to plaintiff's claim for WAP benefits.  Id. ¶¶ 4, 6.  That process, as required by the WAP, is ongoing.

On February 22 and March 5, 2010, the WAP Committee met to consider plaintiff's claim for unvested benefits.  Id. ¶ 6.  It determined that plaintiff's claim for unvested company contributions lacked merit.  Id. & Ex. D.  It therefore denied the claim and informed plaintiff of his right to request review of this Adverse Benefit Determination pursuant to section 7.4 of the WAP.  Plaintiff has 60 days to request such review.

Because plaintiff has failed to exhaust his administrative remedies—he is in the midst of the WAP claims procedure—his Third Claim should be dismissed without prejudice.  If (a) plaintiff timely appeals the WAP Committee's initial determination; (b) the appeal is denied by the WAP Committee; and (c) plaintiff believes that in doing so the WAP Committee abused its discretion, plaintiff can then seek to reintroduce this claim into the lawsuit.  Prior to that time, however, the claim is premature and must be dismissed.  See, e.g., Metro. Life, 2007 WL

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 9
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1549603, at *3 (granting motion to dismiss where plaintiff failed to exhaust administrative remedies).

**C.     Plaintiff's Sixth Claim for Relief Should Be Dismissed**

Plaintiff's Sixth Claim, brought pursuant to ERISA Section 510 (29 U.S.C. § 1140), alleges that defendants discriminated against plaintiff by failing to pay him the WAP benefits to which he claims he is entitled.  This claim should be dismissed because a Section 510 claim can only be properly premised on an adverse employment action taken (a) with specific intent to retaliate against an exercise of ERISA benefits or (b) to preclude plaintiff from attaining benefits under an ERISA plan.  Plaintiff alleges no facts supporting either theory here; he claims he was terminated because of his age, and his Sixth Claim simply dresses up his claim for benefits in a different guise.   This is improper and the claim should be dismissed.[4]

ERISA Section 510 states:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or] this title . . . .

ERISA Section 510 has two major components: (1) a "discrimination" component, pursuant to which a participant or beneficiary cannot be discharged or otherwise discriminated against for exercising or seeking to obtain the rights granted to him either under the plan or under ERISA (a retaliation theory of liability); and (2) an "interference" component, pursuant to which employers are prohibited from discharging or otherwise discriminating against an employee with the intent to prevent the employee from attaining a right to which he may become entitled to under the plan or ERISA.  Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1482 (4th Cir. 1996).  Thus, ERISA Section 510 is designed to address adverse employment actions taken against employees for the purpose of retaliating against the employee for the exercise of ERISA benefits or avoiding payment of ERISA benefits.

---

[4] It is defendants' understanding that plaintiff does not oppose dismissal of his Sixth Claim for Relief.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 10
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The interference component of "[s]ection 510 prevents an employer from arbitrarily discharging an employee whose pension rights are about to vest." Lojek v. Thomas, 716 F.2d 675, 680 (9th Cir. 1983). The claimant bears the burden of showing that "employment was terminated because of a specific intent to interfere with ERISA rights in order to prevail under ERISA § 510; no action lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the termination." Dytrt v. Mountain States Tel. & Tel. Co., 921 F.2d 889, 896 (9th Cir. 1990); see also Phelps v. Field Real Estate Co., 793 F. Supp. 1535, 1542– 43 (D. Colo. 1991), aff'd, 991 F.2d 645 (10th Cir. 1993) ("[T]he plaintiff must show, by a preponderance of the evidence, that his employer was motivated by an intent to interfere with his right to the benefits under the employee benefit plans in which he was a participant. . . . [T]he ultimate question is whether the articulated reason for the discharge has been shown to be pretextual. . . . Put bluntly, was [the employer] motivated to save the costs of" the benefits).

Thus, this provision of ERISA is "aimed primarily at preventing unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights" and so, to violate ERISA Section 510, discrimination "must affect the individual's employment relationship in some substantial way." West v. Butler, 621 F.2d 240, 245-46 (6th Cir. 1980); see also Lojek v. Thomas, 716 F.2d 675, 680 (9th Cir. 1983) ("ERISA's legislative history . . . reveals that Congress was concerned with the acts of unscrupulous employers who discharged and harassed their employees in order to keep them from obtaining vested pension rights.").

Thus, an ERISA Section 510 claim may *only* lie where an employer retaliates against an employee for seeking benefits under ERISA or takes an adverse employment action with the specific intent to avoid payment of ERISA benefits. This is not – by a long shot – what plaintiff alleges in his Complaint. He does not allege that he was discharged in retaliation for exercising ERISA rights (and could not have been since he had not yet even attempted to do so). Nor does he allege that RBC Capital Markets discharged him to avoid paying benefits to which he would

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 11
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

otherwise have been entitled.  In fact, plaintiff clearly states that he does *not* believe that ERISA benefits had anything to do with his termination.  Instead, he expressly alleges that he "was fired from his positions . . . *because of his age*."  Compl. ¶ 1 (emphasis added).[5]  Where a plaintiff asserting an ERISA Section 510 claim points to other alleged reasons behind a termination, courts regularly grant Rule 12(b)(6) motions to dismiss the claim.  See, e.g., Van Gent v. Saint Louis Country Club, 2009 WL 3164418, at *3-4  (E.D. Mo. Sept. 29, 2009) (granting motion to dismiss ERISA Section 510 claim for failure to provide "facts allowing the inference of any nexus between the exercise of his protected rights, and the allegedly adverse employment actions" where plaintiff "enumerate[d] three vague circumstances in which defendants allegedly failed to deposit money on his behalf and/or release benefits, but offer[ed] nothing to demonstrate how the exercise of his protected rights was connected to the actions of which he complains."); Stevenson v. Bank of New York Co., Inc., 2009 WL 919442, at *6-7 (S.D.N.Y. Mar. 26, 2009) (granting motion to dismiss ERISA Section 510 claim where plaintiff's complaint "offers a variety of reasons for plaintiff's termination unrelated to his benefits."); Blessing v. J.P. Morgan Chase & Co., 2003 WL 470338, at *3 (S.D.N.Y. Feb. 24, 2003) (same where plaintiff did not state "that he was terminated in order to avoid paying him severance" and the court was "left to guess . . . as to the specific discriminatory conduct" that plaintiff claimed constituted interference with his ERISA benefits).[6]

---

[5] Indeed, at the very start of the Complaint, plaintiff clearly indicates that his Section 510 claim is *not* premised on his termination or any other adverse employment action.  While Paragraph 1 of the Complaint alleges that plaintiff was terminated "due to his age" and states that he asserts age discrimination claims "for his illegal termination of employment," Paragraph 2 states that plaintiff "also asserts claims relating to defendants' denial of benefits due to him" pursuant to, among other ERISA provisions, Section 510.

[6] See also Perrmann v. CF Indus., Inc., 2006 WL 3762132, at *9 (S.D. Ohio Dec. 21, 2006) (granting motion to dismiss ERISA Section 510 claim where the "sole basis for [the] claim is that 'by virtue of [plaintiff's] termination, he would not get future benefits' because the Court cannot infer specific intent to violate ERISA from [the] mere fact that [plaintiff's] termination adversely affected the amount of his future benefits"); Hartline v. Sheet Metal Workers' Nat. Pension Fund, 134 F. Supp. 2d 1, 19 (D.D.C. 2000) (noting that a plaintiff fails to state an ERISA Section 510 claim where he or she complains of "layoffs and terminations" because ERISA Section 510 only encompasses "personalized targeting" of an individual employee for discriminatory purposes); Orzechowski v. York, 2007 WL 1725219, at *1 (N.D. Ohio June 13, 2007) (granting motion to dismiss claim where plaintiff "fail[ed] allege that his employer had the specific intent to violate ERISA-a required element of a claim under

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (NO. CV9-1804 RSL) – 12
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Thus, plaintiff does not allege (because he cannot allege) that any adverse employment action was taken against him that was specifically related to ERISA benefits.  Without that necessary factual predicate, plaintiff fails to allege sufficient facts to state a claim under ERISA Section 510.  The claim should, accordingly, be dismissed.

As a second and independent ground for dismissal, the Court should dismiss the claim because it simply restates plaintiff's other claims for ERISA benefits.  Plaintiff alleges that "[b]y refusing to pay Leaverton the full value of his WAP Account, the WAP has departed from its practice and policy of distributing all of a Participant's Voluntary Deferral Contributions, Mandatory Contributions and Employer Contributions, on the schedule the Participant elected, upon Separation or Retirement" and that this "disparate treatment constitutes impermissible discrimination under ERISA."  Compl. ¶ 97.  Plaintiff's Third Claim covers the same ground, asserting that defendants have improperly failed to "distribute the full amount of his benefits under the WAP . . . ."  Id. ¶ 71.  Likewise, plaintiff seeks the same relief under each claim—payment of the benefits he claims are due.  In his Third Claim, plaintiff seeks to compel defendants "to distribute the full amount of his benefits under the WAP in accordance with the written distribution election made on Leaverton's Election Form."  Compl. ¶ 71.  In his Sixth Claim, plaintiff asks the Court to "enforce . . . the Plan's distribution provisions."  Id. ¶¶ 97-98.

Courts regularly dismiss ERISA Section 510 claims that are redundant with benefits claims under ERISA Section 503.  See, e.g., Pelosi v. Schwab Capital Markets, L.P., 462 F. Supp. 2d 503, 514-15 (S.D.N.Y. 2006) (where plaintiff had adequately stated a claim to recover benefits and, in effect, sought identical relief for alleged ERISA Section 510 discrimination the court found the ERISA Section 510 claim was "duplicative" and dismissed the claim); Bublitz v. E.I. duPont de Nemours & Co., 149 F. Supp. 2d 816, 822-23 (S.D. Iowa 2001) (dismissing ERISA Section 510 claim that did not request any relief that was not sought under

§ 510."); Youmans v. Lowe's Home Centers, Inc., 2005 WL 1047293, at *12 (E.D. Mich. Apr. 28, 2005) (same where plaintiff "failed to plead any facts" that defendant took an adverse action against [her] for the purpose of interfering with her disability benefits").

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 13
66024-0006/LEGAL17792889.2

benefits claim because it was "a repackaged claim for benefits").  This is precisely what is occurring here.  As plaintiff's Sixth Claim simply "repackages" his Third Claim, and he has not alleged that he was terminated to avoid the payment of ERISA benefits, he has failed to state a claim under ERISA Section 510 and his Sixth Claim should and must be dismissed.[7]

**D.     Plaintiff's Claims Against Improper Defendants Should Be Dismissed**

Finally, plaintiff has asserted claims against individual defendants who are not and cannot be liable on such claims as a matter of law.  Those claims, too, should be dismissed.

Only certain individual entities or individuals are the proper subject of many claims under ERISA.  Plaintiff's Third, Fourth, and Sixth Claims are brought against defendants who are not properly the subject of such claims.  The claims against these defendants should be dismissed with prejudice.

Plaintiff's Third and Fourth Claim, brought under ERISA Section 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), name all defendants.  However, "a claim for benefits, under section 502(a)(1), can be maintained only against the ERISA plan itself or against the plan administrator."  Leung v. Skidmore, Owings & Merrill LLP., 213 F. Supp. 2d 1097, 1101 (N.D. Cal. 2002) (citing Everhart v. Allmerica Fin. Life Ins. Co., 275 F.3d 751, 753 (9th Cir. 2001)).  Thus, the Third and Fourth Claim should be dismissed against all defendants other than the WAP and defendant John Doe No. 1 (the plan administrator).

Plaintiff's Sixth Claim, brought under ERISA Section 510, also names all defendants.  Section 510 relief is, however, only available against a "person" who has discriminated or interfered with respect to plaintiff's ERISA rights.  ERISA § 510 (29 U.S.C. § 1140).  ERISA defines the word 'person' to include "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization."  ERISA § 3(9) (29 U.S.C. § 1002(9)).

---

[7] In the alternative, the Court should strike the Sixth Claim.  Under Fed. R. Civ. P. 12(f), the court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Here, for the reasons stated above, the Sixth Claim is redundant with the Third Claim and should be stricken.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 14
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

A plan is not listed among these potential "persons" and therefore "a plan is not a proper defendant under [ERISA § 510]." <u>Adams v. Koppers Co., Inc.</u>, 684 F. Supp. 399, 401 (W.D. Pa. 1988).  Should the Court not dismiss the Sixth Claim outright, it should dismiss the claim against the WAP.

Further, because an ERISA Section 510 claim is premised on "employment decisions, it is limited to "persons" who are responsible for the adverse employment action in question."  <u>Id.</u> It is rare that a plan administrator could have "sufficient involvement in employment decisions to incur liability under" ERISA Section 510 because most plan administrators "do not have authority to discharge employees or take any of the other proscribed actions."  <u>Id.</u>  Here, plaintiff alleges no facts that indicate that the John Doe plan administrator, the fiduciary defendants, or Royal Bank of Canada played *any* role in plaintiff's termination.  Instead, plaintiff alleges that he was terminated by his employer, RBC Capital Markets, because of his age.  Compl. ¶¶ 20-21, 61, 67.  Thus, the Sixth Claim should be dismissed against all parties other than RBC Capital Markets.

## IV.   CONCLUSION

Defendants respectfully submit that the Court should grant this narrow and targeted motion designed to eliminate at the outset those claims that, even considered from the face of the Complaint cannot withstand scrutiny, are flawed as a matter of law, or both.  Plaintiff has not exhausted his administrative remedies, and so his Third Claim must be dismissed.  He has not set out facts sufficient to support a cognizable claim under Section 510 of ERISA, and so his Sixth Claim must be dismissed.  Plaintiff has pled his Third, Fourth, and Sixth Claims overbroadly, and so the Court should dismiss these claims against defendants who are not subject to the provisions of ERISA under which plaintiff seeks to proceed.  Eliminating these claims at the threshold will allow the parties, and this Court, to focus on the core of plaintiff's claims and to expeditiously and efficiently address and resolve them.  Accordingly, defendants respectfully submit that the Court should grant the motion and dismiss plaintiff's claims.

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 15
66024-0006/LEGAL17792889.2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3      RESPECTFULLY SUBMITTED this 11th day of March, 2010.
4
5
6                                    s/ Kevin J. Hamilton, WSBA No. 15648
7                                    KHamilton@perkinscoie.com
8                                    Kevin J. Hamilton, WSBA No. 15648
9                                    William B. Stafford, WSBA No. 39849
10                                   **Perkins Coie LLP**
11                                   1201 Third Avenue, Suite 4800
12                                   Seattle, WA  98101-3099
13                                   Telephone:  206.359.8000
14                                   Facsimile:  206.359.9000
15
16                                   Attorneys for Defendants
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM (NO. CV9-1804
RSL) – 16
66024-0006/LEGAL17792889.2

**CERTIFICATE OF SERVICE**

On March 11, 2010, I caused to be served upon counsel of record, at the address stated

below, via the method of service indicated, a true and correct copy of the following document:

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Patricia A. Eakes
Jeremy E. Roller
Yarmuth Wilsdon Calfo PLLC
818 Stewart Street, Suite 1400
Seattle, WA  98101

\_\_\_  Via hand delivery
\_\_\_  Via U.S. Mail, 1st Class, Postage Prepaid
\_\_\_  Via Overnight Delivery
\_\_\_  Via Facsimile
_X_  Via E-Filing
\_\_\_  Other: _____

Attorneys for Plaintiff

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March, 2010.

 /s/ Kevin J. Hamilton               \_
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

CERTIFICATE OF SERVICE (NO. CV9-1804
RSL) – 1

66024-0006/LEGAL17792889.2