THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARL LEAVERTON,<br><br>             Plaintiff,<br><br>    v.<br><br>RBC CAPITAL MARKETS CORPORATION, a Minnesota corporation; ROYAL BANK OF CANADA, a Canadian corporation; ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, an employee benefit plan; and JOHN DOES 1-15, individuals,<br><br>             Defendants. | No. CV9-1804 RSL<br><br>DEFENDANTS' ANSWER |

RBC Capital Markets Corporation, Royal Bank of Canada, and Royal Bank of Canada US Wealth Accumulation Plan ("defendants"), in answer to plaintiff's Complaint, admit, deny and allege as follows:

1.    Defendants admit that plaintiff Karl Leaverton is a 53-year-old individual. Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.    The allegations in paragraph 2 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 1

LEGAL17525907.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3. The allegations in paragraph 3 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

4. The allegations in paragraph 4 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

5. The allegations in paragraph 5 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

6. Defendants admit that plaintiff is a citizen of the United States. Defendants lack information sufficient to form a belief as to whether plaintiff is a current resident of King County and therefore deny the allegation. Defendants admit that plaintiff has been forty years or older for the past thirteen years. Defendants admit that plaintiff was terminated from the positions of Co-President and Northwest Regional Director for RBC Wealth Management, a division of RBC Capital Markets Corporation, on April 13, 2009. The remaining allegations of paragraph 6 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants admit that Royal Bank of Canada is a Schedule I bank, and that its primary corporate offices are located in Toronto, Ontario, Canada. Defendants admit that Royal Bank of Canada operates globally and employs workers in the United States. Defendants admit that RBC Capital Markets is an indirect wholly-owned subsidiary of Royal Bank of Canada. The remaining allegations of paragraph 8 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

9. The allegations in paragraph 9 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

10. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and they are therefore denied.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

11. The allegations in paragraph 11 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

12. The allegations in paragraph 12 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

13. The allegations in paragraph 13 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

14. The allegations in paragraph 14 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

15. The allegations in paragraph 15 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

16. The allegations in paragraph 16 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

17. Defendants admit that plaintiff joined Dain Bosworth in 1993. Defendants admit that plaintiff became the Northwest Regional Director of Dain Bosworth. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 of the Complaint and they are therefore denied.

18. Defendants admit that plaintiff remained Northwest Regional Director following RBC Capital Markets' acquisition of Dain Bosworth. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 18 of the Complaint and they are therefore denied.

19. Defendants admit the allegations in paragraph 19 of the Complaint.

20. Defendants admit that on April 13, 2009, John Taft, the CEO of RBC Capital Markets and Head of the RBC Wealth Management Division, spoke to plaintiff by telephone, returning plaintiff's call. Defendants admit that in response to an inquiry from plaintiff, Mr. Taft informed plaintiff that as part of a larger reduction in force his employment was being terminated, along with the employment of numerous other individuals. Defendants admit that in

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

the course of this conversation, Mr. Taft told plaintiff that he had done a "great job," and "everything I asked of you and more." Defendants admit that plaintiff was 53 years old at the time of his termination. Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants admit that on or about August 3, 2009, plaintiff filed a charge with the United States Equal Employment Opportunity Commission and the Washington State Human Rights Commission and that plaintiff received a "right to sue" letter from the EEOC on October 1, 2009. To the extent that the allegations in paragraph 22 of the Complaint contain legal conclusions, they require no answer and therefore defendants deny the allegations.

23. The allegations in paragraph 23 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

24. The allegations in paragraph 24 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

25. The allegations in paragraph 25 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. The document referenced in paragraph 27 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 27 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

28. The document referenced in paragraph 28 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 28 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

29. The document referenced in paragraph 29 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 29 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

30.    The allegations in paragraph 30 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

31.    The allegations in paragraph 31 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

32.    The allegations in paragraph 32 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

33.    The allegations in paragraph 33 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

34.    The allegations in paragraph 34 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

35.    The allegations in paragraph 35 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

36.    The allegations in paragraph 36 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

37.    The allegations in paragraph 37 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

38.    The allegations in paragraph 38 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

39.    The allegations in paragraph 39 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

40.    The allegations in paragraph 40 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

42.    Defendants deny the allegations in paragraph 42 of the Complaint.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

43. The document referenced in paragraph 43 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 43 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

44. The document referenced in paragraph 44 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 44 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. The document referenced in paragraph 46 of the Complaint speaks for itself and must be read as a whole. To the extent the characterization of the WAP in paragraph 46 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations. Defendants deny that Leaverton has at all times been ready and willing to enter into a non-competition and non-solicitation agreement. To the extent paragraph 46 of the Complaint contains legal conclusions, it requires no answer, and therefore defendants deny the remaining allegations.

47. Defendants admit the allegations in paragraph 47 of the Complaint.

48. Defendants deny that plaintiff made a claim for benefits under the WAP on May 11, 2009. The Court determined by Order dated August 26, 2010, that plaintiff did not make a claim for benefits under ERISA or the WAP on May 11, 2009.

49. Defendants deny the allegations in paragraph 49 of the Complaint. The Court determined by Order dated August 26, 2010 that plaintiff did not make a claim for benefits on May 11, 2009. The WAP Committee timely responded to plaintiff's December 14, 2009 claim.

50. Defendants deny the allegations in paragraph 50 of the Complaint. The Court determined by Order dated August 26, 2010 that plaintiff did not make a claim for benefits on May 111, 2009, and had not exhausted his administrative remedies under the WAP at the time he filed the present lawsuit.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

52. The document referenced in paragraph 52 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 52 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. The document referenced in paragraph 54 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 54 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

55. The document referenced in paragraph 55 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 55 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

56. The document referenced in paragraph 56 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 56 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

57. The document referenced in paragraph 57 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 57 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

58. The document referenced in paragraph 58 of the Complaint speaks for itself and must be read as a whole. To the extent paragraph 58 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

59. Defendants incorporate by reference their answers and responses to paragraphs 1-58.

60. The statutory provisions referenced in paragraph 60 of the Complaint speak for themselves. To the extent paragraph 60 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants incorporate by reference their answers and responses to paragraphs 1-64.

66. The statutory provisions referenced in paragraph 66 of the Complaint speak for themselves. To the extent paragraph 66 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants incorporate by reference their answers and responses to paragraphs 1-68.

70. The allegations in paragraph 70 of the Complaint pertain to a claim that was dismissed by Court Order dated August 26, 2010. The statutory provisions referenced in paragraph 70 of the Complaint speak for themselves. To the extent paragraph 70 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

71. The allegations in paragraph 71 of the Complaint pertain to a claim that was dismissed by Court Order dated August 26, 2010. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants incorporate by reference their answers and responses to paragraphs 1-71.

73. The statutory provisions referenced in paragraph 73 of the Complaint speak for themselves. To the extent paragraph 73 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

74. The statutory provisions referenced in paragraph 74 of the Complaint speak for themselves. To the extent paragraph 74 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

75. The statutory provisions referenced in paragraph 75 of the Complaint speak for themselves. To the extent paragraph 75 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

76. The statutory provisions referenced in paragraph 76 of the Complaint speak for themselves. To the extent paragraph 76 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

77. The statutory provisions referenced in paragraph 77 of the Complaint speak for themselves. To the extent paragraph 77 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

78. The document referenced in paragraph 78 of the Complaint speaks for itself and must be read as a whole. To the extent that plaintiff's characterization of the WAP is deemed to contain allegations against defendants, defendants deny the allegations. Defendants deny the remaining allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants incorporate by reference their answers and responses to paragraphs 1-83.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. The statutory provisions referenced in paragraph 87 of the Complaint speak for themselves. To the extent paragraph 87 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

89. The statutory provisions referenced in paragraph 89 of the Complaint speak for themselves. To the extent paragraph 89 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants incorporate by reference their answers and responses to paragraphs 1-94.

96. The allegations in paragraph 96 of the Complaint pertain to a claim that was dismissed by Court Order dated August 26, 2010. The statutory provisions referenced in paragraph 96 of the Complaint speak for themselves. To the extent paragraph 96 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

97. The allegations in paragraph 97 of the Complaint pertain to a claim that was dismissed by Court Order dated August 26, 2010. Defendants deny the allegations in paragraph 97 of the Complaint.

98. The allegations in paragraph 98 of the Complaint pertain to a claim that was dismissed by Court Order dated August 26, 2010. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants incorporate by reference their answers and responses to paragraphs 1-98.

100. The statutory provisions referenced in paragraph 100 of the Complaint speak for themselves. To the extent paragraph 100 the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

101. Defendants deny the allegations in paragraph 101 of the Complaint.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

102. Defendants incorporate by reference their answers and responses to paragraphs 1-101.

103. The allegations in paragraph 103 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

104. The allegations in paragraph 104 of the Complaint contain legal conclusions requiring no answer and therefore defendants deny the allegations.

105. Defendants deny the allegations in paragraph 105 of the Complaint.

106. Defendants deny the allegations in paragraph 106 of the Complaint.

107. Defendants deny the allegations in paragraph 107 of the Complaint.

108. Defendants incorporate by reference their answers and responses to paragraphs 1-107.

109. Defendants deny the allegations in paragraph 109 of the Complaint.

110. The statutory provisions referenced in paragraph 110 of the Complaint speak for themselves. To the extent paragraph 110 of the Complaint is deemed to contain allegations against defendants, defendants deny the allegations.

111. Defendants deny the allegations in paragraph 111 of the Complaint.

112. All allegations not expressly admitted herein are denied.

## PRAYER FOR RELIEF

1. Defendants deny that plaintiff is entitled to any of the requested relief set forth in paragraph 1(a)-(g) of plaintiff's Prayer for Relief or to any other relief.

2. Defendants deny that plaintiff is entitled to any of the requested relief set forth in paragraph 2(a)-(h) of plaintiff's Prayer for Relief or to any other relief.

3. Defendants deny that plaintiff is entitled to any of the requested relief set forth in paragraph 3(a)-(e) of plaintiff's Prayer for Relief or to any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1

Having fully answered the allegations of plaintiff's Complaint, defendant sets forth the following defenses and affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies.

3. Plaintiff's claims, or some of them, are barred by the terms of the governing plan documents or by applicable statutes of limitation.

4. The WAP is a "top hat" plan maintained for a select group of management or highly compensated employees within the meaning of ERISA § 401(a)(1) (29 U.S.C. § 1101(a)(1)). Plaintiff's claims are barred to the extent the WAP is a top hat plan.

5. Plaintiff's claims and requested remedies, or some of them, are barred by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

6. Any and all employment decisions relating to plaintiff about which plaintiff is complaining were made for legitimate, nondiscriminatory reasons.

7. To avoid waiver, defendants assert the defenses of estoppel, waiver, laches, ratification and/or acquiescence.

8. Plaintiff is not entitled to any penalty award under RCW 49.52 because at all times relevant and material herein, defendants acted pursuant to a bona fide dispute as to their obligations to pay.

9. Some or all of the relief sought by plaintiff may be barred by his failure to mitigate his damages.

10. Any wage loss or other damages must be offset by any earnings of plaintiff and/or other applicable payments plaintiff received or would have earned through exercise of reasonable diligence.

11. To the extent that any contractual relationship existed between plaintiff and defendants, plaintiff failed to perform his obligations and duties thereunder.

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 12

LEGAL17525907.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

12.   To avoid waiver, defendants assert that defendants may not be held liable for punitive damages as they have undertaken a good faith effort to comply with all anti-discrimination laws and have never acted with malice or with reckless indifference to plaintiff's federally protected rights. See *Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118, 2128-29 (1999)

13.   Plaintiff's termination was the result of the utilization of reasonable factors other than age pursuant to 29 U.S.C. § 623(f)(1).

14.   Defendants reserve the right to assert additional affirmative defenses based upon further discovery.

Defendants pray as follows:

1.   That plaintiff's claims against defendants be dismissed with prejudice;

2.   That defendants be awarded their costs and expenses incurred herein; and

3.   That the Court award defendants such other and further relief as the Court deems appropriate.

DATED: September 8, 2010

*s/ Kevin J. Hamilton, WSBA No. 15648*
KHamilton@perkinscoie.com
Kevin J. Hamilton, WSBA No. 15648
William B. Stafford, WSBA No. 39849
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants

DEFENDANTS' ANSWER (No. CV9-1804 RSL) – 13

LEGAL17525907.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on September 8, 2010, I caused the foregoing **DEFENDANTS' ANSWER** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual of record. In addition, I caused service to be made on the same individual of record by the method indicated:

| | |
|---|---|
| Patricia A. Eakes<br>Jeremy E. Roller<br>Yarmuth Wilsdon Calfo PLLC<br>818 Stewart Street, Suite 1400<br>Seattle, WA 98101 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via E-Filing<br>___ Other: |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of September, 2010.

By: _/s/ Kevin J. Hamilton_
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

CERTIFICATE OF SERVICE (No. CV9-1804 RSL) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL17525907.1